MOORADIAN *v.* PETROFF.

1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE—WRITTEN CONSENT.

   Where lease prohibited assignment without lessor's consent in writing, valid assignment required lessor's written consent.

2. VENDOR AND PURCHASER—CONTRACTS—RESCISSION—ASSIGNMENT OF LEASE.

   Purchaser of lease and restaurant business who undertook to secure lessor's written consent to assignment to him of lease had no legal ground for rescinding the contract because he failed to secure consent of assignment satisfactory to him, where no notice of such failure was given to seller or opportunity afforded him to secure it; and especially where purchaser was offered proper written consent and refused to accept it.

Appeal from Wayne; George (Fred W.), J., presiding. Submitted April 15, 1931. (Docket No. 108, Calendar No. 35,580.) Decided June 1, 1931.

Bill by Marderos Mooradian against Andrew Petroff to rescind a contract for the purchase of a lease and restaurant business. Decree for plaintiff. Defendant appeals. Reversed, and bill dismissed.

*Samuel H. Rubin* (*Walter Stark,* of counsel), for plaintiff.

*Peck & Armstrong,* for defendant.

McDONALD, J. This bill was filed for rescission of a contract to purchase a lease and restaurant business. The lease contained a clause prohibiting assignment without the lessor's consent in writing. The bill was drawn on the theory of a failure of con-

sideration because the defendant did not secure such consent. A decree was entered in favor of plaintiff. The defendant has appealed.

The sale was consummated on May 5th, 1930. The consideration was $5,985, payable $1,000 in cash and a note for $1,500 on the execution of the contract, $1,000 in four months thereafter, and the balance in equal installments in six, nine, and twelve months.

This controversy has arisen out of the following provision of the contract:

"For the purpose of effectuating the sale hereinbefore mentioned, the said party of the first part shall and will execute and deliver to the said party of the second part an assignment of said lease and possession of the personal property described herein, provided, however, that actual delivery of the said lease and the assignment thereof to the party of the second part shall be withheld by the party of the first part and the title thereto and title to the aforesaid personal property and the right to possession thereof shall be and remain in said party of the first part until said sum of $5,985 and interest shall be paid in full."

At the making of this contract, both parties were represented by their attorneys. The papers necessary to its consummation, except the lessor's consent to the assignment of the lease, were executed and delivered to the plaintiff. The American State Bank was lessor. Mr. Wheeler, attorney for the plaintiff, suggested that he would look after the matter of securing the bank's consent. The unsigned paper prepared for that purpose was delivered to him. The plaintiff took immediate possession of the premises and business. Mr. Wheeler presented the written consent to Mr. DeYonkers, assistant cashier of the bank, who said the bank had

no objections to a transfer of the lease to the plaintiff, but wanted the writing to include a clause preserving the liability of the original lessee. For some reason not appearing in the record, Mr. Wheeler thought that such a consent would not fully protect the plaintiff and declined to insert the condition requested by the bank. However, he continued to negotiate for a more satisfactory consent until he went away on his summer vacation. From that time until commencement of suit no further attempt was made by any one to secure a written consent to a transfer of the lease. In the meantime, plaintiff was conducting the business. He paid rent to the bank for June and July and otherwise carried out his obligations under the contract. Early in September he was two months in arrears on the rent. He called on the bank and promised to pay if given time. But he did not pay. On September 16, 1930, without notice to the defendant or demand that he secure the lessor's written consent to a transfer of the lease, he filed this bill for rescission of the contract. The defendant claims that until summons in the suit was served on him he was unaware that the plaintiff's attorney had failed to secure the lessor's consent in writing to the transfer, and that when he learned of it he immediately went to the bank and secured its signature. The question is whether there were legal grounds for rescission.

At the time of the sale the lease had an unexpired term of four years and was valuable. No valid assignment could be made without the written consent of the lessor. It was a condition of the sale that such consent should be procured by the defendant. But he was relieved, at least temporarily, of this duty by Mr. Wheeler who voluntarily and with

plaintiff's consent took over the matter of securing the necessary writing from the lessor. Mr. De-Yonkers, acting for the bank, offered him a written consent containing a reservation of liability against the original lessee. He refused to accept it, but continued negotiations with him, endeavoring, as he says, to "work out" an assignment that would be satisfactory to the plaintiff. These negotiations failed, but he did not turn the matter back to the defendant. In replying to a question on cross-examination by defendant's counsel, he said:

"To my knowledge neither Mr. Petroff or you were ever asked subsequently to assume charge of obtaining that consent in my stead or instead of any body else, had there."

The defendant did not contract to secure any particular form of consent. That which the bank offered contained no unreasonable conditions, and was in form and substance a sufficient compliance with the contract. The facts are that the defendant never refused to procure from the bank a proper consent in writing and the bank never refused to give it. The plaintiff was offered a proper written consent and that he did not accept it was no fault of the defendant. No fraud is claimed. The plaintiff had bought and sold restaurants and was not inexperienced in business. Having taken over the matter of securing the lessor's written consent to a transfer of the lease, and having failed to secure one in satisfactory form, fairness required that he give the defendant an opportunity to secure it for him before beginning his suit for rescission. Further, it is a significant fact that he continued in possession with no apparent thought of rescission until he saw the business failing and became in

arrears for rent. The evidence shows no legal grounds for rescission. The circuit judge should have dismissed the bill.

A decree will be entered in this court in accordance with this opinion. Defendant will have costs.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.